# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **BRITTANY MARTIN,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-3094-SEM-EIL |
| ) | |
| **LATOYA HUGHES, et al.,** ) | |
|     Defendants. ) | |

## <u>MERIT REVIEW ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Brittany Martin has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing

them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

The Court previously denied Plaintiff's Motion for Leave to File Amended Complaint (Doc. 5) because the proposed Amended Complaint included only piecemeal allegations against eight additional Defendants, rather than consisting of a standalone amended complaint that would replace the original Complaint in its entirety. *See Flanner v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, the facts summarized and screened in this Order relate only to those included in the initial Complaint (Doc. 1).

At all times relevant to her Complaint, Plaintiff was an inmate within the Illinois Department of Corrections ("IDOC") at Logan Correctional Center ("Logan").

Plaintiff's Complaint identifies the following Defendants at Logan: Warden Melinda Eddy, Assistant Warden Michael Long,

Major Batton, Major Thomas, PREA[1] Coordinator/Supervisor Tapkins, Internal Affairs Lieutenant McGinnis, Adjustment Committee Lieutenant Rachelle Tillquist, Lieutenant Jake Dietrich, Lieutenant Evan Brunner, Lieutenant Ajagbe, Sergeant Dennis Uhrig, Officer Murray, Officer Andrea Silas, and Counselor O'Bryan. Plaintiff also names IDOC Director LaToya Hughes and John Loftus of the IDOC's Administrative Review Board as Defendants.

Plaintiff alleges that Defendant Dietrich harassed her on numerous occasions, beginning in March 2023 and culminating with a physical assault on April 7, 2024. There is a pending Internal Affairs investigation into Defendant Dietrich's harassment of Plaintiff.

Plaintiff alleges that on June 26, 2023, she was physically assaulted by Defendant Ajagbe.

On July 21, 2023, Plaintiff alleges she was twice "violated" during a strip search by Defendant Silas. She reported the act to the PREA department, but a PREA investigation was not initiated by the Internal Affairs department.

---

[1] Prison Rape Elimination Act

On January 8, 2024, Plaintiff alleges she was sexually and physically assaulted by Defendants Murray and Uhrig. She reported this incident to the PREA department.

On January 18, 2024, Plaintiff was allegedly sexually and physically assaulted by Defendant Brunner. She again reported this abuse to the PREA department.

Plaintiff was housed in Housing Unit 10 beginning on February 3, 2024. Plaintiff alleges the unit had mold, dirty water, and lead and caused her to suffer from dizziness, migraines, eye redness, and skin sores. The unit was shut down in March 2024.

Plaintiff alleges that on February 21, 2024, Defendant O'Bryan denied Plaintiff's request to attend her father's funeral.

Plaintiff alleges that she and other female inmates at Logan are housed with "men who identify themselves as women." Plaintiff wrote a grievance because she was uncomfortable with this and wanted a record if she were to be hurt by a transgender inmate in the future. Plaintiff alleges she was sexually harassed by inmate Deon Hampton from March 31 to April 7, 2024, when she reported Hampton to PREA.

Plaintiff alleges that she is regularly falsely accused and "written up" with disciplinary tickets at Logan. Plaintiff alleges that Defendant Tillquist is biased against her and does not give her fair hearings on these tickets.

Finally, Plaintiff alleges that she has been "continuously notifying" Defendants McGinnis, Tapkins, Thomas, Batton, Long, Eddy, Loftus, and Hughes about the foregoing allegations.

### III. Analysis

Plaintiff's Complaint contains allegations against sixteen Defendants. As written, most of the allegations are apparently factually unrelated, consisting of distinct instances of assault by different Defendants on different dates, complaints about other forms of harassment by still other individuals, the impact of housing conditions on Plaintiff's physical health, and allegations of due process violations in the context of discipline, *inter alia.*

But "a litigant cannot throw all his [or her] grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

"Although it is acceptable for a plaintiff to bring multiple claims against a single party in the same case, a plaintiff cannot

bring unrelated claims against different defendants in the same case." *Coombe v. Green Bay Corr. Inst.*, 2024 WL 1051084, at *2 (E.D. Wis. Mar. 11, 2024), *citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2)).  More specifically:

> [A] plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler*, 689 F.3d at 683, quoting Fed. R. Civ. P. 20(a)(1)(A).

Based upon the Complaint in its current form, the Court cannot discern which Defendant constitutes Plaintiff's "Defendant A," against whom Plaintiff may bring multiple unrelated claims—or whose actions give rise to a series of transactions or occurrences from which claims against other Defendants may also arise.

The Seventh Circuit has outlined several options available to the district court if one or more parties are misjoined.  However, Plaintiff must be warned about the consequences of those options and must be given an opportunity to decide which option she prefers.  *Dorsey v. Varga*, 55 F.4th 1094, 1107-08 (7th Cir. 2002).

> The court may strike the complaint and grant leave to replead.  *See Perez* [*v. Fenoglio*], 792 F.3d [768,] 783 [(7th Cir.

2015)].  The court may dismiss improperly joined defendants if doing so will not prevent the plaintiff from timely refiling those claims.  See Fed. R. Civ. P. 21 ("[T]he court may ..., on just terms, ... drop a party."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (stating that a district court must not dismiss misjoined claims when there is a risk of "statute of limitations consequences").  Or the court may sever the case into two or more actions.  Fed. R. Civ. P. 21.  Because paying a second filing fee may impose a substantial financial burden on a prisoner, *see Taylor* [*v. Brown*], 787 F.3d [851,] 853–84 [(7th Cir. 2015)], the court should not sever claims without a plaintiff's consent or acquiescence.  Instead, it should allow him to opt for partial dismissal rather than severance.

*Id.* at 1107.

Here, the Court will follow the Seventh Circuit's suggestion that "a district court faced with misjoined claims begin...by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem." *Id.*  For the reasons outlined above, Plaintiff's Complaint, as currently pled, consists of misjoined claims and is therefore dismissed without prejudice.  Plaintiff will be granted an opportunity to file an amended complaint.  If Plaintiff's amended complaint does not resolve the identified issues, the Court may set a deadline for Plaintiff to either dismiss certain Defendants or sever certain claims.  *See Id.*

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**

**2)  Plaintiff's deadline to file an amended complaint is 21 days from entry of this Order.  If Plaintiff does not file an amended complaint by that deadline, this case will be dismissed.**

ENTERED April 30, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
